Jerry BISHOP and Phyllis Bishop, Plaintiffs-Appellees,

v.

DURA-LITE MANUFACTURING CO., Defendant-Appellant.

No. 73-1013.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1973.

Decided Dec. 27, 1973.

David E. Caywood, Dobbs, Gatti & Caywood, Memphis, Tenn., on brief for defendant-appellant.

Crawford McDonald, McDonald, Kuhn, Smith, Gandy, Miller & Tait, Memphis, Tenn., on brief for plaintiffs-appellees.

Before PECK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a decision of the United States District Court awarding plaintiffs-appellees a judgment of $21,666.85, and permitting them to attach and sell an aircraft in the possession of appellant. We affirm the district court's decision.

On June 20, 1968, plaintiffs filed a suit in the District Court of Ford County, Kansas, against National Outdoor Display, Inc., and Hal Burns, its president, for breach of contract and misrepresentation. In May 1970 plaintiffs were awarded a judgment of $21,666.85 against each of these defendants. Plaintiffs subsequently sought and obtained default judgments against both National and Burns, but these judgments remained unsatisfied. Plaintiffs then filed this diversity suit against Dura-Lite Manufacturing Company, and sought to attach an aircraft that had originally been purchased and owned by National but was now in Dura-Lite's possession. The district court found that the aircraft was transferred on

April 1, 1969 to Dura-Lite by National during the pendency of the plaintiffs' suit against National. The court also found that National transferred the aircraft to Dura-Lite for a consideration of $9,700, and that, at the time of transfer, Burns, who was president of National and also of Dura-Lite, was aware of the fair market value of the aircraft, which the court found, on the basis of expert testimony, to be $17,000.

The record reveals that Dura-Lite, like National before it, was engaged in the business of manufacturing and selling outdoor signs; that Dura-Lite used the same tools and equipment that National had used; and that Dura-Lite was operated in the same premises that National had occupied. Burns, who was the chief manager of National, remained in that position in Dura-Lite, although Burns testified that his brother, who allegedly contributed some capital to the new enterprise, was also a participant in management of the second company. Burns testified that his wife and brother held the majority of stock in Dura-Lite, but only Burns himself signed the stock subscription list. Burns testified that new money and people were employed in Dura-Lite and that a new line of signs was manufactured and sold.

The court, however, in addition to concluding that there was no significant difference presented in the evidence between National's operation and that of Dura-Lite, expressly found that "Dura-Lite was formed with the intent to escape liability on the debts prevously accumulated by National."

Applying Tennessee law, which is controlling in this case, the district court concluded that, although no cases directly in point were found, under Tennessee law "a new corporation which is merely the continuation of an old one and which was formed in order that the old corporation could escape liability on its debts shall be deemed to have assumed the debts and liabilities of its predecessor," citing Long v. Fischer Typewriter Company, 1 Tenn.Ch.App. 668 (1901). We agree. *See also* Jennings, N. & Co.

v. Crystal Ice Co., 128 Tenn. 231, 159 S. W. 1088 (1913); Vance v. McNabb Coal & Coke Co., 92 Tenn. 47, 20 S.W. 424 (1892). *See generally* 49 A.L.R.3d 881 (1973), and cases cited therein. Indeed, appellant "does not take issue with the general law as laid down by the learned trial judge, but rather takes exception to the factual conclusions drawn by the trial judge after a review of the evidence." Brief for appellant at 45.

After a careful consideration of the record, we hold that the findings of fact of the trial judge are not clearly erroneous, Fed.R.Civ.P. 52(a), and we determine that the court did not err in its application of Tennessee law to these facts. Because we agree with the district court's decision on this ground, which is dispositive, we do not find it necessary to consider the court's alternative holding that the transfer of the aircraft was a fraudulent conveyance in violation of T.C.A. § 64–312.

The judgment of the district court is affirmed.