Raymond BROCKMANN and Luella Brockmann, Plaintiffs-Appellants,

v.

George B. O'NEILL, Peter J. Barbos and Denver T. Smith, Trustees of Royal Electric Contractors, Inc., Formerly a Missouri Corporation and George B. O'Neill, Peter J. Barbos, Denver T. Smith, L. T. Hundelt and R. K. Olson and Consolidated Electrical Contractors, Inc., a Missouri Corporation, by L. W. Hundelt, Defendants-Respondents.

No. 37979.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 25, 1978.

Alfred J. Rathert, Fenton, for plaintiffs-appellants.

Albert H. Feldt, Clayton, for defendants-respondents.

McMILLIAN, Judge.

Plaintiffs-appellants, Raymond and Luella Brockmann, appeal from a judgment entered by the trial court denying their recovery on a promissory note against Consolidated Electrical Contractors, Inc., (Consolidated). Appellant sued George B. O'Neill, Peter J. Barbos, and Denver T. Smith, trustees of the assets, as the last board of directors of Royal Electric Contractors, Inc. (Royal) a former Missouri corporation (Count I); and sued George B. O'Neill, Peter J. Barbos, Denver T. Smith, L. T. Hundelt, R. K. Olson, and L. W. Hundelt, individually and as directors of Consolidated and defendant Consolidated, a Missouri corporation (Count II).

The trial court, sitting without a jury, entered a limited judgment in favor of appellants on Count I and against respondents O'Neill and Smith, as trustees of the assets of Royal, and entered judgment in favor of all other respondents on Count II.

On appeal appellants contend that the trial court erred in limiting its judgment to the respondents as trustees of the assets of Royal, and that judgment should also have been entered against Consolidated as a successor to the promissory note. More specifically, appellant argues that Consolidated, the transferee corporation, was liable for the debts of Royal, the transferor corporation, either because the transfer was without consideration, or because the transferee corporation was a mere continuation of the old corporation. Thus, there are two issues to be resolved. First, whether Consolidated can be considered a continuation of Royal, so as to subject Consolidated to liability on the promissory note.[1] Secondly, whether sufficient consideration passed between Royal and Consolidated so as to validate the transfer of assets and shield Consolidated from liability on the note.

Resolution of the issues will entail a recitation of the pertinent evidence presented at trial. On January 30, 1961, Royal was incorporated under the laws of the State of Missouri. The incorporators were respondents George B. O'Neill, Denver T. Smith, and George A. O'Neill, the deceased father of respondent O'Neill. These three incorporators served as the board of directors and primary officers of the corporation. Royal was engaged in the business of general electrical contracting.

Appellant Raymond Brockmann was employed as an electrician for Royal in 1960. On April 25, 1963, appellants lent Royal $10,000 and received from the corporation its promissory note for that sum. Mr. Brockmann testified that demands were made several times a year; however, they have received no payments.

Royal continued in the electrical contracting business until November, 1963, when it ceased doing business. At this time Royal had liabilities of $140,000, and owed the government $13,000 in back taxes. Its assets consisted of five trucks, equipment, tools and other material. Royal was engaged in approximately six electrical contracting projects.

On January 8, 1964, respondents O'Neill, Smith and their attorney, Albert H. Feldt, signed articles of incorporation which incorporated Consolidated, and on January 20, 1964, the corporate charter was issued. Consolidated was to engage in the business of general electrical contracting. Consoli-

---

1. It must be noted that the issue as to continuation does not appear in the pleadings, and the trial court did not rule on whether or not there was in fact a continuation. However, evidence concerning a continuation was admitted at trial without objection. Therefore, for the purposes of appeal the issue will be treated as if raised in the pleadings. § 509.500 RSMo 1969; *Feltz v. Pavlik,* 257 S.W.2d 214, 217 (Mo.App.1953). We feel compelled to raise and resolve this issue because respondent has not submitted an appellate brief.

dated took over performance on Royal's electrical contracting projects, employed Royal's employees and used Royal's trucks and equipment.

At the time Royal ceased doing business it had sold its trucks and other assets to Consolidated Mechanical, Inc., a corporation whose major stockholder, Lester W. Hundelt, is on the present board of directors of Consolidated. In exchange for Royal's assets, Mr. Hundelt had paid $13,000, the amount Royal owed in back taxes to the government. There was no inventory of assets taken at the time of or prior to the sale. However, even though Royal had sold its assets to Consolidated Mechanical, Consolidated Electrical continued to use them in the course of their business.

As stated previously, Consolidated had taken over all of the projects formerly run by Royal. Respondent Smith had testified that none of the contractors were notified of the changeover. There was no delay or days lost during the changeover. Smith further testified that Consolidated used the same work force, supervisors, trucks, tools and equipment as Royal. There was further testimony that the employees were not notified of the changeover until several days later; however, no work had been delayed or stopped. In fact, appellant testified that he did not know of the changeover until he received his first paycheck from Consolidated. In addition, the employees had received no correspondence from Royal nor Consolidated concerning their job status or union affiliation.

After the court tried case the trial judge made findings of fact and conclusions of law in which he held that sufficient consideration had passed to validate the sale of assets by Royal. In addition, the court ruled that there was neither fraud nor a merger proven so as to subject Consolidated to liability on the promissory note. The trial court entered a limited judgment against the former board of directors, O'Neill and Smith, as trustees of the assets of Royal and not in an individual capacity.

The trial court failed, however, to decide if there had been a continuation.

■ First, the general rule of law in Missouri is that where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor, except: (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where the transaction is entered into fraudulently in order to escape liability for such debts. *Ingram v. Prairie Block Coal Co.*, 319 Mo. 644, 5 S.W.2d 413, 416 (1928); *Sweeney v. Heap O'Brien Mining Co.*, 194 Mo.App. 140, 186 S.W. 739, 741 (1916). *See generally,* Annot., 49 A.L.R.3d 881 (1973); 19 Am.Jur.2d, Corporations, § 1546 (1965).

■ Applying this general rule to the present fact situation, we feel the record amply demonstrates a situation where there was a continuation of a prior transferring corporation. The record shows that both Royal and Consolidated were in the business of general electrical contracting. Respondents O'Neill and Smith were the directors, primary officers and major stockholders of Royal at the time it ceased doing business. Both were also two of the incorporators, directors, primary officers and major shareholders of Consolidated at the time of incorporation. In addition, it has been shown that the business operations of both were exactly the same. Consolidated used the same trucks, equipment, labor force and supervisors as had Royal. At the time of changeover, Consolidated took over performance of Royal's contracts; however, it gave no notice to the contractors. In fact, at the time of the changeover, the employees were not even notified. It would appear that if an actual change of ownership were made, one of the first things a new employer would do is contact its em-

ployees to assure them of their status, or, if not, at least to renegotiate the collective bargaining agreement. This was not done. For these reasons, we feel that there was no significant difference between Royal's operation and that of Consolidated, and that a "continuation" is presented.

A similar situation and result is found in *Bishop v. Dura-Lite Manufacturing Co.,* 489 F.2d 710 (6th Cir. 1973). The Western District Court of Tennessee, applying Tennessee law, found that a continuation was presented so as to render a transferee corporation liable for breach of a contract entered into by a transferor corporation. The record revealed in *Bishop,* supra, that Dura-Lite, like its predecessor, was engaged in the business of manufacturing and selling outdoor signs; that Dura-Lite used the same tools and equipment as its predecessor; that Dura-Lite had the same management personnel as its predecessor; and that the primary officers of both corporations were the same. On these facts the court found that a continuation was present. The situation here presents factors not present in the *Bishop* case, for Royal and Consolidated had the same board of directors as well as the same work force. Moreover, the contracts in progress were taken over without notice. Thus, an even stronger example of a continuation is presented here. Consequently, applying the scope of review of a court tried case as pronounced in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we hold that the trial judge erroneously applied the law to the facts in evidence.

Due to the resolution of the first issue it is unnecessary to determine if valuable consideration had passed so that the transfer of assets was valid. At first glance, it appears questionable because the title to the assets is in the name of Consolidated Mechanical, Inc.; however, we need not resolve this issue.

The trial court's judgment is reversed and judgment entered against Consolidated Electrical Contractors, Inc. The case is re-

manded to the trial court to determine the amount of principal and interest due the appellants.

CLEMENS, P. J., and SMITH, J., concur.