489 F.Supp. 391 (1980)
Clarence TUCKER, Jr., et al., Plaintiffs,
v.
PAXSON MACHINE COMPANY et al., Defendants.
No. 78-271C(1).
United States District Court, E. D. Missouri, E. D.
May 5, 1980.
Elizabeth Kennedy, Chopin & Kennedy, P. C., St. Louis, Mo., Timothy J. Boone, Columbus, Ohio, for plaintiffs.
Charles E. Gray, Gray & Ritter, Gerre S. Langton, Evans & Dixon, St. Louis, Mo., for defendants.

*392 MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon the defendant Paxson Machine Company's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.
The complaint alleges that plaintiff Clarence Tucker's hand was crushed, necessitating amputation just above the wrist, while he was operating a rubber calendar machine designed, manufactured and sold by William R. Thropp & Sons Company in 1918. The injury occurred on the premises of plaintiff Clarence Tucker's employer, the Cupples Company Manufacturers of St. Louis, Missouri. Theories of negligence, strict liability in tort, and breach of warranty are pleaded. Liability of defendant Paxson Machine Company is predicated upon the following sequence of alleged transactions: In 1946, defendant J.M.L. Trading Corporation (at that time named J. M. Lehmann Company, Inc.) became consolidated with or its assets and liabilities were otherwise acquired by Morey Machine Company, Inc. In 1952, William R. Thropp & Sons Company was likewise in some way consolidated with Morey Machine Company, Inc. Some time after 1952, William R. Thropp & Sons Company became a division of J.M.L. Trading Corporation, a wholly owned subsidiary of Morey Machine Company, Inc. In 1962, J.M.L. Trading Corporation was acquired by defendant Mullins Manufacturing Company. In 1974, J.M.L. Trading Corporation and its Thropp division were acquired by defendant Paxson Machine Company. Documents filed by defendant Paxson, the authenticity of which has not been contested by plaintiffs, show that the 1974 acquisition was in fact the sale of a substantial portion of the assets of J.M.L. Trading Corporation and its Thropp division by parent corporation Mullins Manufacturing Company through its receiver in bankruptcy. The sole question which this Court will address is whether by virtue of this sequence of transactions defendant Paxson Machine Company has assumed the liability for defective products manufactured and sold by William R. Thropp & Sons Company.
In this diversity action, Missouri law appears controlling since Missouri is the situs of the harm. See Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Kennedy v. Dixon, 439 S.W.2d 173 (Mo. 1969); Restatement (Second) of Conflicts of Laws §§ 145, 146. The parties seem to be agreed on this choice of law, although plaintiffs have produced no Missouri authorities on point. The rule in Missouri is:
[W]here one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor except: (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where the transaction is entered into fraudulently in order to escape liability for such debts. (citations omitted).
Brockmann v. O'Neill, 565 S.W.2d 796, 798 (Mo.App.1978).
Exception (1), supra, is clearly inapplicable: The Sale Agreement (Exhibit C) provides that the receiver "shall indemnify and hold harmless Paxson against . . . product liability claims . . .." There is also no evidence of a merger or consolidation of Paxson with Thropp or Mullins. In fact, there is every indication that Mullins Corporation still exists and is being operated by the receiver. This disposes of exception (3) as well as exception (2): There can be no continuity of ownership or control between Mullins and Paxson when both of them continue to operate after the sale just as before. Exception (4) cannot be seriously maintained. This Court would be reluctant *393 indeed to ascribe such dealings to a bankruptcy court and its agents.
In their memorandum in opposition to the present motion, plaintiffs cite cases from jurisdictions other than Missouri for the proposition that a corporation which takes advantage of the good will of its corporate predecessor should be estopped to deny its liability for its predecessor torts. While this approach does not seem patently unreasonable, the Court finds no indication that Missouri courts would adopt such a change only two years after the decision in Brockmann v. O'Neill, supra.
The question of Paxson's liability for its predecessors' torts has been litigated before. Both plaintiffs and defendant Paxson have referred to a recent decision by the federal district court sitting in Pennsylvania, Edgar Valenteen v. Paxson Machine Co., No. 76-1011 (E.D.Pa.1979). Applying a Pennsylvania rule substantially identical to the rule of Brockmann, supra, the court in Valenteen reached the same result which this Court reaches today. Valenteen v. Paxson Machine Co. is not binding as res judicata on plaintiffs Clarence and Jean Tucker, who were not parties to that action, but is is highly persuasive.
Accordingly, defendant Paxson Machine Company's motion for summary judgment will be granted.