680 P.2d 845

**Walter H. SCHMIDT, Plaintiff/Appellee,**

**v.**

**FINANCIAL RESOURCES CORPORATION, an Arizona corporation, Defendant/Appellant.**

**No. 2 CA–CIV 5020.**

Court of Appeals of Arizona, Division 2.

April 13, 1984.

---

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by David C. Anson and Michael R. Urman, Tucson, for plaintiff/appellee.

Johnson & Dowdall by Richard J. Dowdall and Daniel H. Parks, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Chief Judge.

This appeal challenges the entry of a summary judgment requiring a successor corporation to pay a judgment debt of its predecessor following a merger. The appellant is Financial Resources Corporation, an Arizona corporation resulting from a merger between that entity and American Leasco, another Arizona corporation. Appellee and plaintiff in the action below is Walter H. Schmidt (Schmidt).

In August 1980 Schmidt sued American Leasco for damages arising out of an agency agreement. On November 4, 1982, after a trial in Pima County Superior Court in cause number 189953, a jury returned a verdict in favor of Schmidt and against American Leasco. Our court affirmed the judgment on appeal. *See Walter H. Schmidt v. American Leasco*, 139 Ariz. 509, 679 P.2d 532 (1983).

On March 29, 1982, American Leasco had formally merged into Financial Resources Corporation. Upon learning of this merger, Schmidt sought to collect his judgment from Financial Resources Corporation. The appellant denied liability for the judgment against American Leasco. Schmidt then filed a complaint against Financial Resources Corporation on February 10, 1983, seeking payment of the $30,000 judgment rendered in his favor against American Leasco. Thereafter, the superior court granted Schmidt's motion for summary judgment which was entered on June 21, 1983. This appeal followed.

The only issue presented is whether the superior court correctly held that Financial Resources Corporation is responsible for the judgment against American Leasco following the merger. The appellant urges two reasons for reversal. It contends the trial court erred in granting judgment against the appellant for the full amount of the judgment against American Leasco because 1) American Leasco's assets at the time of the merger were less than the judgment against it, and 2) because the judgment against American Leasco contained $25,000 in punitive damages. We affirm.

The law in Arizona provides that any surviving or new corporation resulting from a merger is responsible for all the

debts and liabilities of any corporation so merged. A.R.S. § 10–076(B)(5) states:

"5. Such surviving or new corporation shall thenceforth be responsible and liable for *all the liabilities and obligations of each of the corporations so merged or consolidated;* and any claim existing or action or proceeding pending by or against such corporation may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporation shall be impaired by such merger or consolidation." (emphasis supplied)

Appellant nevertheless contends that Financial Resources Corporation is liable for the American Leasco debt only to the extent of assets transferred by American Leasco to Financial Resources Corporation in the merger. Appellant cites *Valley Bank v. Malcolm,* 23 Ariz. 395, 204 P. 207 (1922), as a basis for this argument. The *Malcolm* decision, however, simply does not support this proposition. First, *Malcolm* was decided long before Arizona's enactment in 1976 of A.R.S. § 10–076 as part of the Arizona Business Corporation Act. This more recent legislative pronouncement accordingly governs this action.

In addition, the *Malcolm* decision is inapplicable to the facts of this case because *Malcolm* involved a corporate sale of assets as opposed to a merger situation. In *Malcolm* an insolvent bank sold assets to a separate purchasing corporation. The question faced by the court in that case was whether the purchasing corporation could be held liable for the general debts of the insolvent bank. The case before this court, however, is radically different. Here, American Leasco, the debtor corporation, has merged and become a part of a continuing corporate business entity. In such a merger situation, the Arizona statute must govern with respect to the surviving corporate entity. Further, the law in other jurisdictions is consistent with A.R.S. § 10–076 and its application to the merger in issue in this case. *See, e.g., Ladjevardi-*

*an v. Laidlaw-Coggeshall, Inc.,* 431 F.Supp. 834 (S.D.N.Y.1977); *Beals v. Washington International, Inc.,* 386 A.2d 1156 (Del.1978); *Johnson v. Marshall & Huschart Machinery Co.,* 66 Ill.App.3d 766, 23 Ill.Dec. 505, 384 N.E.2d 141 (1978); *Gaswint v. Case,* 265 Or. 248, 509 P.2d 19 (1973).

Moreover, there is also no support for appellant's contention that a successor corporation may not be liable for the punitive damage portion of the judgment owed Schmidt. A.R.S. § 10–076 plainly provides that *"all"* liabilities and obligations of a merged corporation become the responsibility of any successor corporation. This includes punitive damages. *Western Resources Life Insurance Company v. Gerhardt,* 553 S.W.2d 783 (Tex.Civ.App.1977). Appellant's argument on this point, as well as its argument with respect to the points discussed earlier, fails to recognize that the merged corporation does not cease functioning. Rather, following merger the merged corporation and its assets continue to function as a part of the successor corporation in its business and income-producing activities. Cf. *Arizona Corporation Commission v. California Insurance Company,* 28 Ariz. 128, 236 P. 460 (1925). "A business cannot shrug off personal liability to its creditors simply by merging, consolidating, switching from partnership to corporate form or vice versa, or changing its name." *Nelson v. Pampered Beef-Midwest, Inc.,* 298 N.W.2d 281, 288 (Iowa 1980). The superior court correctly determined that Financial Resources Corporation is liable for the entire $30,000 judgment owed Schmidt by American Leasco.

Appellee is awarded reasonable attorney fees on appeal pursuant to A.R.S. § 12–341.01(A).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.