EVANSTON INSURANCE COMPANY, Plaintiff-Appellant, *v.* EILEEN WARNER LUKO, ROGER JOSEPH LUKO, LUKO REALTY, LTD., and LUKO AND ASSOCIATES REALTY, INC., Defendants-Appellees

NO. 13907

(CIVIL NO. H88-3659)

NOVEMBER 22, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Plaintiff Evanston Insurance Company (Plaintiff) appeals the trial court's judgment dismissing its contractual claim against defendants Eileen Warner Luko (Eileen), Roger Joseph Luko (Roger), Luko Realty, Ltd. (Realty), and Luko and Associates Realty, Inc. (Associates) (collectively Defendants). The crucial issue on appeal is whether Associates, an alleged successor corporation to Realty, is liable for Realty's debt to Plaintiff, absent any transfer of assets from Realty to Associates. We answer no, and affirm the judgment in favor of Eileen, Roger, and Associates. However, we remand the case with direction that the judgment be amended in favor of Plaintiff against Realty.

I.

Realty, a real estate agency firm, was incorporated in Hawaii in 1970 or 1971. On November 16, 1981, Roger, as Realty's President, applied for real estate agents and brokers errors and omissions coverage with Plaintiff. Thereafter, Real Estate Agents and Brokers Professional Liability Insurance Policy No. XR015459 (Policy) was issued to Realty. The Policy provided for a $5,000 deductible.

In 1982, Realty made a claim under the Policy when Realty and Eric Lau (Lau), an agent for Realty, were sued. Plaintiff hired attorney David Robinson (Robinson) to defend Realty and Lau. In October 1984, the lawsuit was settled for a nominal amount. Robinson's fees totaled $17,900 of which the deductible amount of $5,000 was billed to Realty.

In the interim, in December 1982, Roger and Eileen formed Associates, a Hawaii corporation. Like Realty, Associates conducted a real estate business. According to Roger, at the time of Associates' incorporation, Realty was "broke," with creditors "hounding" Realty for payment and repossessing Realty's equipment. Therefore, upon advice of counsel, Roger formed Associates, a new corpora-

tion. Roger and Eileen, who were the sole officers of Realty, became the sole officers of Associates. At some unknown date, Realty was dissolved.

Upon demand of Plaintiff, a total sum of $700 (seven postal money orders of $100 each) was paid on the $5,000 deductible. The first five postal money orders bear the rubber-stamped name and address of Associates and the other two bear the handwritten name and address of Realty. Roger testified that he used the Associates rubber stamp as "more of a convenience." Trial Transcript at 12. On August 1, 1988, Plaintiff sued Defendants for the unpaid balance.

On October 12, 1988, a bench trial was held. The trial court made its oral ruling in favor of Defendants on February 24, 1989. The court entered its findings of fact (FOFs) and conclusions of law (COLs), and a judgment dismissing Plaintiff's claim on March 22, 1989.

## II.

In their answering brief, Defendants admit that the trial court erred in entering a judgment in favor of Realty. They state that Plaintiff is entitled to a money judgment against Realty and that the judgment should be amended accordingly. We agree.

## III.

Plaintiff contends that Associates, as a successor corporation to Realty, is liable for Realty's debt to Plaintiff. We disagree.

We start with the general rule that when a corporation has been legally formed, it has an "existence as a separate and distinct entity." *Henry Waterhouse Trust Co. v. Home Insurance Co. of Hawaii,* 27 Haw. 572, 581 (1923). Another general rule is that "liability of a new corporation for the debts of another corporation does not result from the mere fact that the former is organized to succeed the latter." 19 Am. Jur. 2d *Corporations* § 2704 at 513 (1986).

It is also a well-settled general rule that "if one corporation purchases the assets of another and pays a fair consideration therefor, no liability for the debts of the selling corporation exists[.]" *Id.*

However, there are exceptions to this general rule which are as follows:

> [T]he transferee corporation may be held liable for the debts and liabilities of the transferor corporation when:
> — there is an express or implied assumption of liability;
> — the transaction amounts to a consolidation or merger;
> — the transaction was fraudulent;
> — some of the elements of a purchase in good faith were lacking, as where the transfer was without consideration and the creditors of the transferor were not provided for;
> — the transferee corporation was a mere continuation or reincarnation of the old corporation.

*Id.* § 2705 at 515.

All of the foregoing exceptions, whereby one corporation may be held liable for the debts and liabilities of another corporation, presuppose a transfer of assets from the latter to the former. This is based on the truism that the assets of a corporation are subject to the claims of its creditors.[1] Thus, the rights of creditors are "protected against a sale, transfer, or distribution of all the corporate property" in fraud of their rights. 18B Am. Jur. 2d *Corporations* § 2086 at 914 (1985).

Here, there was no transfer of assets from Realty to Associates. The trial court found in FOF 10 that "no assets of [Realty] was [sic] transferred to [Associates]." The court also found in FOF 13 that Roger, Eileen, and Associates "did not attempt to defraud Plaintiff or any of [Realty's] creditors." Since Plaintiff did not challenge FOFs 10 and 13, this court must accept those facts as true.

Plaintiff contends, however, that in *State v. Yamada and Sons, Inc.,* 59 Haw. 543, 584 P.2d 114 (1978), the supreme court stated: "A corporation which succeeds in some manner to the assets of a predecessor corporation *or* exists as a mere continuation or reincarnation of a predecessor may under some circumstances be held for the debts of the predecessor." *Id.* at 546-47, 584 P.2d at 116

---

[1] The assets of a corporation "constitute a trust fund for the benefit of its creditors, apparently whether or not the corporation is solvent or insolvent." 18B Am. Jur. 2d *Corporations* § 2088 at 915 (1985).

(footnote omitted) (emphasis added). Plaintiff therefore argues that where a corporation exists as a mere continuation or reincarnation of a predecessor, a transfer of assets need not occur to impose liability on the corporation. We disagree. Footnote 1 in *Yamada and Sons, supra,* indicates that the "continuation or reincarnation of a predecessor" implies the transfer of all assets of the predecessor. The footnote is a quotation from the Annotation: *Similarity of Ownership or Control as Basis for Charging Corporation Acquiring Assets of Another with Liability for Former Owner's Debts,* 49 A.L.R. 3d 881, 883 (1973). The quotation clearly states that the exceptions to the general rule regarding successor corporation liability apply only "where a corporation sells or otherwise transfers all of its assets[.]" *Yamada and Sons,* 59 Haw. at 547 n.l, 584 P.2d at 116-17 n.l.

In support of its contention for successor corporation liability, Plaintiff cites cases that involve the transfer of assets. For example, *Bishop v. Dura-Lite Mfg. Co.,* 489 F.2d 710 (6th Cir. 1973) (transfer of airplane for inadequate consideration); *Lumbard v. Maglia, Inc.,* 621 F. Supp. 1529 (S.D. N.Y. 1985) (transfer of tangible and intangible assets for little or no consideration); *United States v. Plastic Electro-Finishing Corp.,* 313 F. Supp. 330 (E.D. N.Y. 1970) (transfer of accounts receivable, inventory, machinery and equipment in fraud of creditors); *Nelson v. Pampered Beef-Midwest, Inc.,* 298 N.W.2d 281 (Iowa 1980) (transfer of feedlot and cattle); *Flotte v. United Claims, Inc.,* 657 S.W.2d 387 (Mo. App. 1983) (transfer of furniture, fixtures, equipment and open files); *Brockmann v. O'Neill,* 565 S.W. 2d 796 (Mo. App. 1978) (transfer of trucks and other assets). Plaintiff also cites *Schmidt v. Financial Resources Corp.,* 140 Ariz. 135, 680 P.2d 845 (App. 1984), and *Oman Int'l Finance, Ltd. v. Hoiyong Gems Corp.,* 616 F. Supp. 351 (D. R.I. 1985), which are not on point. *Schmidt* involved a merger of two corporations. *Oman* dealt with the issue of a *de facto* merger of two separate existing corporations. In *Oman,* the court found that there was "no wholesale swapping or shifting of assets" or any "credible proof of inventory transfers without due consideration." 616 F. Supp. at 362.

Plaintiff further contends that Associates impliedly assumed Realty's debt owed to Plaintiff by paying $500 of the debt. How-

ever, Plaintiff did not raise this issue below.[2] Consequently, the trial court made no findings of fact relating to this issue. The general rule is that an issue not raised or properly reserved in the court below will "be deemed waived" on appeal. *Mizoguchi v. State Farm Mut. Auto. Ins. Co.*, 66 Haw. 373, 383, 663 P.2d 1071, 1077 (1983); *Miller v. Leadership Hous. Sys., Inc.*, 57 Haw. 321, 325, 555 P.2d 864, 867 (1976). Justice and the facts in this case do not dictate that we deviate from this rule. *City Bank v. Saje Ventures II*, 7 Haw. App. ____, ____, 748 P.2d 812, 816 (1988); *Hong v. Kong*, 5 Haw. App. 174, 177, 683 P.2d 833, 837 (1984). Accordingly, Plaintiff is precluded, on appeal, from raising this issue for the first time.

## IV.

Plaintiff contends that Associates' corporate "veil should be pierced and liability to [Plaintiff] established on the officers and directors of [Associates], namely Roger and Eileen Luko."[3] Opening Brief at 27. However, piercing Associates' corporate veil will accomplish nothing since Associates is not liable for Realty's debt to Plaintiff. Thus, Associates' principals cannot be liable for such debt.

We note that under the doctrine known as "piercing the corporate veil," the separate corporate entity is disregarded and "a corporation and *the individual or individuals owning all its stocks and assets* will be treated as identical." 18 Am. Jur. 2d *Corporations* § 43 at 841-42 (1985) (emphasis added). Although the evidence indicates that Roger and Eileen were officers and directors of Associates, the record does not contain any evidence that they were shareholders of Associates.

## V.

We affirm the judgment in favor of Eileen, Roger, and Associates. However, we remand the case with direction that the judg-

---

[2] In the court below, Plaintiff's position was that "liability should be imposed not only because of a contractual basis, but also because of successor liability and fraud." Record at 55, 71.

[3] At trial, Plaintiff also contended that "the contract contains language tending to show an intent to impose personal liability" on Roger Luko and Eileen Luko. Record at 36. The evidence does not support Plaintiff's contention.

ment be amended in favor of Plaintiff and against Realty for the amount claimed.

*Ronald F. Movrich* for plaintiff-appellant.

*Derek K. Tomita (Nathaniel Y.T. Lum* with him on the brief; *Hirai, Lum & Tomita,* Attorneys at Law, a Law Corporation, of counsel) for defendants-appellees.