L. E. STEELE v. C. H. CRABTREE, Appellant.·

**Objection to submission, of cause.** Where a cause has been submitted to the jury on the issues presented by the pleadings and on the theory on which it was tried, it is too late to contend for the first time on appeal that it should have been submitted on a different theory.

*Appeal from Wright District Court.*— HON. W. D. EVANS, Judge.

MONDAY, MARCH 13, 1905.

SUIT to recover the value of real and personal property transferred to the defendant in exchange for other property. Verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Read & Read,* for appellant.

*Carr, Hewitt, Parker & Wright,* for appellee.

SHERWIN, C. J.— The plaintiff and the defendant, acting for himself and as the alleged agent of A. W. and Orpha J. Odell, entered into a written contract whereby the plaintiff agreed to transfer to the defendant and the Odells a house and lot and certain personal property in exchange for specified interests in certain lands and personal property in South Dakota. The plaintiff's real property was deeded to Crabtree, and the personal property was either delivered to him or to him and Odell and it was by him or them sold and delivered to the Baker Quarry Company, of which they were in control, in exchange for its stock. At the time the contract was made Crabtree had no title to any of the land that he had agreed to convey an interest in, some 640 acres; nor did he ever acquire such title. After the plaintiff had made delivery of his property, and pending an adjustment of the affairs of the Baker Quarry Company, the company issued 16 shares of its stock to the plaintiff, to be held by her as security for her property until she was paid therefor according to the terms of the contract. She was also given a mortgage on the personal property that she had delivered to Crabtree. The mortgage she afterwards foreclosed, and the stock she returned to the Baker Company.

The plantiff sued originally for damages for breach of contract, and the defendant answered thereto, admitting the execution of the contract, and the receipt of a part of the plaintiff's property, and alleging the delivery of the stock of the quarry company to her, and the execution of the mortgage and sale of the property thereunder, and asking that the value of the stock and the amount received on the sale of the property under the mortgage be credited to him on any sum found due the plaintiff on the purchase

price or value of the property delivered to him. Afterwards, and before the trial, the plaintiff amended her petition, alleging that the defendant had failed and refused to perform his contract, and that she then elected to consider it rescinded, and to recover the value of the property conveyed by her. Thereupon the defendant filed an amendment to his answer, in which he denied generally the allegations of the amendment to the petition, and pleaded as a partial defense thereto the receipt by the plaintiff of the stock of the quarry company and the money received from the sale of the personal property.

The case was tried on the theory that the only issues therein were the amount of plaintiff's recovery and whether the suit had been prematurely brought. No question was made as to the right of the plaintiff to treat the contract as rescinded, and to recover the value of the property, and she had judgment therefor, less $1,600, the face value of the 16 shares of stock that had been delivered to her, and afterwards returned, and which were probably not worth a dollar, and less $400 received from the sale of the personal property. The appellant contends that the court erred in treating the action as one to recover the value of the property and in instructing and permitting the jury to find a rescission of the contract. The court submitted to the jury, however, the precise issue that was presented by the pleadings, and in fact tried, and it is now too late to say that the case should have been submitted on a different theory. *Maloney v. Ry. Co.,* 95 Iowa, 255; *Wisconsin Lumber Co. v. Telephone Co.,* 127 Iowa, 350; *Beach v. Wakefield,* 107 Iowa, 567. The record in fact shows that the plaintiff had returned the worthless quarry stock before she brought this suit, and only retained the money received from the personal property. The appellant has therefore been allowed a credit of $1,600 more than he was entitled to, and for every dollar that he asked. By this record he is bound, and the judgment is *affirmed.*