David WEAVER, Appellant,

v.

NASH INTERNATIONAL, INC., a Delaware corporation, f/k/a L.W. Nash Co., Appellees.

No. 83–1741.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1983.

Decided March 29, 1984.

Rehearing Denied May 1, 1984.

Charles W. Brooke, Lane & Waterman, Davenport, Iowa, for appellees.

Steven K. Warbasse, William G. Nicholson, White & Warbasse, P.C., Cedar Rapids, Iowa, for appellant.

Before HEANEY, ROSS and FAGG, Circuit Judges.

FAGG, Circuit Judge.

This is a diversity products liability action brought by David Weaver against Nash International, Inc. to recover damages for injuries he suffered when operating an aluminum reduction mill manufactured by L.W. Nash Company. The district court granted summary judgment in favor of Nash International. *Weaver v. Nash International, Inc.*, 562 F.Supp. 860 (S.D. Iowa 1983). We affirm.

Weaver was injured while operating a mill manufactured by L.W. Nash Company, whose assets were later purchased by Nash International. Weaver's claim that Nash International must compensate him for his injuries is based upon the assertion that Nash International is a "mere continuation" corporate successor to L.W. Nash Company and is thus responsible for L.W. Nash Company's liabilities. The district court, applying Iowa law without objection by the parties, determined that an Iowa court would not hold Nash International liable as a "mere continuation" corporate successor to L.W. Nash Company. After carefully reviewing the applicable Iowa law, we agree.

The Supreme Court of Iowa has stated that in order to render a corporation which purchases the assets of another corporation personally responsible for the liabilities of the selling corporation, "it must appear * * that the purchasing corporation was a mere continuation of the selling corporation * * *." *Luedecke v. Des Moines Cabinet Co.*, 140 Iowa 223, 118 N.W. 456, 457 (1908); *see Nelson v. Pampered Beef-Mid-*

*west, Inc.,* 298 N.W.2d 281, 287 (Iowa 1980). In *Nelson v. Pampered Beef-Midwest, Inc., supra,* 298 N.W.2d at 287, the Iowa Supreme Court, quoting from *Allen v. North Des Moines Methodist Episcopal Church,* 127 Iowa 96, 102 N.W. 808, 809 (1905), stated that if there is "a bona fide intention to make a *new* and *independent* organization" [emphasis added] the purchasing corporation will not be considered a mere continuation of the selling corporation. "There must be something more than a mere succession in business to charge the successor with the debts or delinquencies of the party succeeded. The legal identity of the new corporation with the old ordinarily depends upon the intention of the incorporators." *Nelson v. Pampered Beef-Midwest, Inc., supra,* 298 N.W.2d at 287, quoting *Allen v. North Des Moines Methodist Episcopal Church, supra,* 102 N.W. at 809–10.

Under Iowa law, Nash International cannot be held liable as a "mere continuation" corporate successor to L.W. Nash Company. In conformity with the purchase agreement entered into in 1968, Aluminum Company of North America formed a Delaware corporation which purchased the assets and ongoing business of L.W. Nash Company. There was no identity of stock or stockholders between the purchasing and selling corporations. While the purchasing corporation carried on the general business operations of the selling corporation, it did so as a distinct and separate corporate entity.

Weaver appears to be asking this court to hold that the Iowa Supreme Court, in a strict liability case, would adopt a "continuity of business operation" approach to the "mere continuation" exception. Citing the case of *Cyr v. B. Offen and Co.,* 501 F.2d 1145, 1150–54 (1st Cir.1974), in which the court rejected the argument that different ownership of corporate assets cuts off liability, Weaver argues that Nash International is a "mere continuation" corporate successor to L.W. Nash Company by virtue of its continuation of L.W. Nash Company's business. While we need not reject the "continuity of business operation" theo-

ry as being incorrect or unwise, we simply cannot conclude that it is the applicable approach to the exception under existing Iowa law. Up to this point in time the state supreme court has not demonstrated any discernible intent to adopt the "continuity of business operation" approach and thus expand the liability of successor corporations. Under existing Iowa law, Nash International is not liable as a "mere continuation" corporate successor to L.W. Nash Company. It is for the Iowa courts, not us, to chart the future course of the Iowa law in this area.

Affirmed.