849 F.2d 341
 Prod.Liab.Rep.(CCH)P 11,837
Brian G. WALLACE; Stacie L. Wallace; Bradley C. Wallace;
Brenda J. Wallace; Angela J. Wallace, Appellants,
v.
DORSEY TRAILERS SOUTHEAST, INC.; Dorsey Trailers Southeast,
Inc. d/b/a Holan Equipment, Appellees.
 No. 87-1683.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 12, 1988.
Decided June 15, 1988.
 
 Tim Gammon, Springfield, Mo., for appellants.
 William H. McDonald, Springfield, Mo., for appellees.
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 In this diversity case, we must construe and apply Missouri's corporate successor liability rule to determine whether a corporation purchasing the assets of another corporation may be responsible for the liabilities of its predecessor. Appellants, various relatives of decedent Glen Wallace (Wallace), brought this wrongful death action against Dorsey Trailers Southeast, Inc. (Dorsey), an alleged corporate successor of Holan Equipment division of Ohio Brass (Holan Equipment) to recover damages allegedly caused by a defective aerial bucket lift manufactured by Holan Equipment. Appellants asserted four causes of action against Dorsey: (1) strict liability in tort; (2) negligence; (3) breach of a duty to warn; and (4) breach of express and implied warranties. Dorsey moved for summary judgment on all counts, claiming that it is shielded from liability by Missouri's general rule of non-liability for corporate successors. The district court[1] agreed, and it granted summary judgment in favor of Dorsey. For reversal, appellants argue inter alia : (1) the district court erred in holding that Dorsey was not liable as a matter of law by virtue of Missouri's corporate successor liability rule; (2) the district court erred in determining that Missouri would not impose a duty to retrofit; and (3) the grant of summary judgment was premature because appellants were denied sufficient discovery to properly assert their duty to warn claim. For the reasons discussed below, we affirm.
 
 
 2
 I. BACKGROUND.
 
 
 3
 The aerial bucket lift at issue was manufactured by Holan Equipment on August 31, 1962. In 1977, Holan Equipment was sold to the Daro Corporation. In 1979, the Daro Corporation filed for bankruptcy, and Dorsey purchased at a bankruptcy sale all of the Holan Equipment assets belonging to the Daro estate, excluding accounts receivable, cash, and the license for use of the "Holan" name in Canada.
 
 
 4
 After the acquisition of Holan Equipment, Dorsey began producing aerial bucket lifts at its plant in Edgerton, Wisconsin. However, it never manufactured the model 2900 lift that is the subject of this action. Dorsey acquired Holan Equipment's physical plant, which it used only to manufacture component parts for a line of Dorsey cargo trailers. Dorsey adopted the collective bargaining agreement in effect at the Holan Equipment plant at the time of the acquisition; however, that agreement was renegotiated approximately five months after the purchase. Finally, some of Holan Equipment's management personnel were retained by Dorsey, but they were hired under new and separate employment agreements.
 
 
 5
 In January 1984, Wallace was electrocuted while operating the aerial lift manufactured by Holan Equipment in 1962. It is undisputed that Dorsey did not design, manufacture, sell, or place into the stream of commerce the aerial bucket lift in question; however, appellants filed suit against Dorsey, as well as Ohio Brass, the owner of Holan Equipment when the lift was manufactured. Appellants assert that Dorsey is liable owing to various exceptions to Missouri's general rule, which insulates corporate successors from the liability of their predecessors. This appeal followed the district court's grant of summary judgment to Dorsey.
 
 
 6
 II. DISCUSSION.
 
 
 7
 In reviewing the district court's order granting summary judgment, this court is to apply the same standard that the district court was to have applied, Stark v. St. Cloud State University, 802 F.2d 1046, 1048 (8th Cir.1986); summary judgment is proper only where there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether summary judgment is proper, we are obliged to view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all inferences which may reasonably be drawn. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987).
 
 
 8
 The following is the well-settled rule on corporate successor liability in Missouri:
 
 
 9
 [W]here one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor, except: (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where the transaction is entered into fraudulently in order to escape liability for such debts.
 
 
 10
 Brockmann v. O'Neill, 565 S.W.2d 796, 798 (Mo.App.1978) (emphasis added).
 
 
 11
 Although it is clear that Dorsey did not purchase all of Holan Equipment's assets, i.e., it did not purchase cash, accounts receivable, or the right to use the "Holan" name in Canada, the district court nevertheless analyzed the facts to determine whether any of the exceptions to the general rule applied. The district court held, and appellants do not dispute, that exceptions (2) and (4) are not applicable in this case. Wallace argues, however, that the "implied assumption" and "mere continuation" exceptions do apply and that the district court's holding to the contrary was without sufficient analysis of all the elements which should be considered in determining whether a successor may avoid liability.
 
 
 12
 The district court concluded that the "mere continuation" exception did not apply because (1) Dorsey was not created for the purpose of acquiring Holan's product line, see Young v. Fulton Iron Works Co., 709 S.W.2d 927, 941 (Mo.App.1986); (2) the Holan employees who were retained by Dorsey were hired under a new employment contract at the time of the asset purchase, see Brockman, 565 S.W.2d at 798-99; Young, 709 S.W.2d at 939; and (3) there was no common identity of incorporators, officers, directors, or stockholders between Holan Equipment (or its parent Daro) and Dorsey; see Tucker v. Paxson Machine Co., 645 F.2d 620, 626 (8th Cir.1981).
 
 
 13
 We believe that the district court has correctly considered the proper factors for determining whether Dorsey was a "mere continuation" of Holan Equipment by virtue of its 1979 bankruptcy sale-asset purchase, and we agree with the district court's conclusion that it was not.
 
 
 14
 Appellants next argue that Dorsey impliedly assumed Holan Equipment's liabilities. The facts, even when viewed in the light most favorable to appellants, belie this assertion. The district court determined, on the strength of the following language in the Bill of Sale and Assignment of Holan Equipment, that there was no express or implied assumption of liabilities on the part of Dorsey: "In connection with the acquisition of the Holan assets, the grantee [Dorsey] is not assuming any of the obligations or liabilities of the grantor [Daro] or Holan * * *." Moreover, the Bill of Sale and Assignment was adopted pursuant to the "Judgment Entry Confirming Sale of Holan Division" filed by the bankruptcy court which presided over Daro's bankruptcy proceedings.[2] This judgment indicates that the sale was "[c]onfirmed free and clear of the liens, claims, or other interests of all of the creditors of [Daro or Holan]." See Appendix at 31-32. The unequivocal disclaimer of liability, coupled with the explicit language of the bankruptcy court's order, make it clear that Dorsey did not expressly or impliedly assume any liabilities of Holan Equipment, either fixed or contingent.
 
 
 15
 Appellants have suggested a number of reasons for expanding the exceptions to the general rule of non-liability, arguing that the rule frustrates the policies of strict liability. In the absence of a controlling state decision, a federal court must apply the rule it believes the highest state court would follow. Luster v. Retail Credit Co., 575 F.2d 609, 613 (8th Cir.1978). While we recognize that Missouri's corporate successor liability rule may leave some plaintiff without a remedy, we are not convinced that Missouri would deviate from its well-established rule, and we therefore decline appellants' invitation to expand the rule's exceptions.
 
 
 16
 Appellants next argue that Dorsey was negligent by failing to retrofit the allegedly defective aerial bucket lift manufactured by Holan Equipment. Appellants concede that at present, Missouri law does not impose a duty to retrofit; they argue, however, that the Missouri courts, if given the opportunity, would recognize failure to retrofit as a submissible legal theory of negligence. Appellants suggest that Keller v. International Harvester Corp., 648 S.W.2d 584 (Mo.App.1983), supports their claim. The district court carefully analyzed Keller and disagreed with appellants. The district court concluded that in "the absence of any Missouri law imposing a duty on a manufacturer, much less a corporate successor of that manufacturer, to retrofit a product absent a state or federal law mandating a recall of the product," Dorsey was not negligent, as a matter of law, in failing to retrofit the allegedly defective aerial bucket lift. District Court Order at 7.
 
 
 17
 We review the district court's determination guided by the rule that "the interpretation of state law by a district judge sitting in that forum is entitled to substantial deference unless it is 'fundamentally deficient in analysis or otherwise lacking reasoned authority.' " Firemen's Insurance Co. v. Bauer Dental Studio, Inc., 805 F.2d 324, 325 (8th Cir.1986) (per curiam) (quoting Kansas City Power & Light Co. v. Burlington Northern R.R., 707 F.2d 1002, 1003 (8th Cir.1983)). We cannot say that the district court misinterpreted Missouri law; we therefore defer to its judgment.
 
 
 18
 Finally, appellants argue that the entry of summary judgment was premature, because the court granted the motion before appellants were able to complete discovery on their failure to warn claim. Our review of the record indicates that appellants had ample opportunity to conduct discovery in this action. Moreover, if appellants believed that pertinent evidence remained undiscovered, they should have made some effort to obtain it. The Federal Rules of Civil Procedure contain a specific provision that allows a party to request the district court to delay ruling on a motion for summary judgment until discovery is completed. See Fed.R.Civ.P. 56(f). Rule 56(f) states:
 
 
 19
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 20
 At no time during the proceedings did appellants take advantage of this rule, nor did they ask the district court for any kind of continuance. In view of appellants' failure to act, we do not believe that the entry of summary judgment was premature.
 
 
 21
 III. CONCLUSION.
 
 
 22
 We are convinced that Dorsey has met its burden of proving that there is no dispute as to the material facts in this case. Appellants, who would ultimately have the burden of proof at trial, have failed to "go beyond the pleadings and * * * designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)). Therefore, the entry of summary judgment was proper in this case.
 
 
 23
 We have carefully reviewed appellants' other contentions and find them to be without merit. Accordingly, the order of the district court entering summary judgment in favor of Dorsey is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable Mark Schlachet, United States Bankruptcy Judge for the Northern District of Ohio