772 F.Supp. 443 (1990)
SYLVESTER BROTHERS DEVELOPMENT COMPANY, Plaintiff,
v.
BURLINGTON NORTHERN RAILROAD, Metal-Matic, Inc., et al., Defendants and Third-Party Plaintiffs,
v.
ABBOTT NORTHWESTERN HOSPITAL, Moorhead Machinery & Boiler Company, et al., Third-Party Defendants.
Civ. No. 4-88-692.
United States District Court, D. Minnesota, Fourth Division.
September 11, 1990.
*444 Gary Maynard Hansen, Dawn Louise Gagne, Doherty Rumble & Butler, St. Paul, Minn., for Sylvester Bros. Dev. Co.
John Bernard Van de North, Jr., Douglas L. Skor, Karna A. Berg, Briggs & Morgan, St. Paul, Minn., for Burlington Northern R.R., Maxwell Communications Corp., Durkee-Atwood Co., Flint Ink Corp., Midwest Printing, Technical Tooling, Inc., Pillsbury Co. and Pako Corp.
Gary Charles Reiter, Mahoney Dougherty & Mahoney, Minneapolis, Minn., for Dealers Mfg. Co.
Stuart T. Williams, David Bradley Olsen, Henson & Efron, Minneapolis, Minn., for H.B. Fuller Co.
David Fulton Herr, John Hugh Gilmore, Maslon Edelman Borman & Brand, Minneapolis, Minn., for G & K Services, Inc.
Robert L. Collins, Delmar R. Ehrich, Faegre & Benson, Minneapolis, Minn., for Metal-Matic, Inc., Western Elec. Co. and AT & T Technologies, Inc.
Charlene W. Hatcher, Sp. Asst. Gen., St. Paul, Minn., for State of Minn. Federal Surplus Property Div.
Sarah D. Halvorson, Timothy H. Butler, Lindquist & Vennum, Minneapolis, Minn., for Whittaker Corp., and Chicago and Northwestern Transp. Co., Electric Machinery Co.
Joe A. Walters, O'Connor & Hannan, Minneapolis, Minn., David S. Finch, Harvey M. Sheldon, Scott W. Ammarell, McDermott Will & Emery, Chicago, Ill., for FMC Corp.
Mark F. Ten Eyck, Larry Dale Espel, Popham Haik Schnobrich & Kaufman, Minneapolis, Minn., for Glidden Co., Honeywell, Inc. and Georgia-Pacific Corp.
George Orlyn Ludcke, Best & Flanagan, Minneapolis, Minn., for Hawkins Chemical, Inc.
Virgil Cyril Herrick, Herrick & Newman, Minneapolis, Minn., for Kurt Mfg. Co., Inc.
*445 Glenn Joel Olander-Quamme, Soo Line R.R. Co., Minneapolis, Minn., for Soo Line R.R. Co.
Susan Mary Swift, Frank Allen Dvorak, MacKall Crounse & Moore, Minneapolis, Minn., for Twin City Die Casting Co., G & T Trucking Co. and Intern. Harvester.
Richard H. Krochock, Robert Bryan Jaskowiak, Rider Bennett Egan & Arundel, Minneapolis, Minn., for Vaughn Display Co., Unitog Rental Services, Inc., Blue Cross/Blue Shield of Minnesota, Flintkote Co. and Paper Calmensen Steel Co.
Gregory Alan Fontaine, Becky A. Comstock, Benjamin A. Brown, Jr., Dorsey & Whitney, Minneapolis, Minn., for Acme Metal Spinning Co., General Mills and Scott-Atwater Co.
Leo G. Stern, Richard D. Snyder, Fredrikson & Byron, Minneapolis, Minn., for Armature Rewiring Co.
Erik T. Salveson, Gray Plant Mooty Mooty & Bennett, Minneapolis, Minn., for Bureau of Engraving, Inc.
Daniel Weldon Hergott, Richard M. Dahl, Dunkley Bennett & Christensen, Minneapolis, Minn., for Commutator Foundry Co. and Portec, Inc.
Eric A. Nerness, Joseph Francis Lulic, Hanson & Lulic, Minneapolis, Minn., for Dalton Gear Co.
Mark F. Ten Eyck, Larry Dale Espel, Popham Haik Schnobrich & Kaufman, Minneapolis, Minn., John L. Greenthal, Nixon Hargrave Devans & Doyle, Albany, N.Y., Andrew C. Rose, Nixon Hargrave Devans & Doyle, Rochester, N.Y., for Eastman Kodak Co.
Gary Maynard Hansen, Dawn Louise Gagne, Doherty Rumble & Butler, St. Paul, Minn., for Richard Ellingson, Rory Ellingson, Vernon Sylvester and Edward Sylvester.
James Thomas Martin, Gislason Martin & Varpness, Edina, Minn., for Excel Metal Finishing Co.
Peter Matthew Banovetz, Gilmore Aafedt Forde Anderson & Gray, Minneapolis, Minn., for Ford McNutt Co.
Robert Edward Cattanach, Oppenheimer Wolff & Donnelly, St. Paul, Minn., John Charles Goodnow, Susan Kay Wiens, Oppenheimer Wolff & Donnelly, Minneapolis, Minn., for GAF Corp.
Karl K. Vanzo, for Globe Bldg. Materials Co.
Maclay R. Hyde, Edwin Ralph Holmes, Gray Plant Mooty Mooty & Bennett, Minneapolis, Minn., for Hansord Pontiac Co. and Warren Shade Co.
Johnson Sanitation Co., pro se.
William Christopher Penwell, Gerald S. Duffy, Kathleen Ann Connelly, Siegel Brill Greupner & Duffy, Minneapolis, Minn., for LeRoy Signa Co.
Mark R. Geier, Phillips Gross & Aaron, Minneapolis, Minn., for Lewis Bolt & Nut Co.
John F. Angell, Stich Angell Kreidler & Muth, Minneapolis, Minn., for Dean Lutterman Homes.
Clifford D. Bobholz, David T. Coriden, Menards Inc., Corporate Legal Staff, Eau Claire, Wis., for Menards Inc.
David L. Kraker, Kraker Law Office, Minneapolis, Minn., for Park Printing Co.
Charles Nathan Nauen, Margaret H. Chutich, Opperman Heins & Paquin, Minneapolis, Minn., for U.S. Gypsum Co.
Vic's Auto Body Inc., pro se.
Keith J. Broady, Minneapolis, Minn., for Waste Control Co., Waste Control Inc. and Container Services, Inc.
Mary Jo Madigan, U.S. Atty. Office, Minneapolis, Minn., Martin F. McDermott, U.S. Dept. of Justice, Environment & Natural Resources Div., Kevin L. Call, Major, Environmental Law Div., Washington, D.C., for U.S., U.S. Dept. of the Army, Secretary, Dept. of Army, U.S. Dept. of Defense and Secretary, Dept. of Defense.
Douglas Richard Rainbow, Mark E. Mulhollam, Gray Plant Mooty Mooty & Bennett, Minneapolis, Minn., for Federal Hoffman Inc.
Gregory Alan Fontaine, Erik A. Ahlgren, Becky A. Comstock, Benjamin A. Brown, Jr., Dorsey & Whitney, Minneapolis, Mn., for Fairview Hospital.
*446 Robert L. Collins, Delmar R. Ehrich, Andrea M. Fike, Faegre & Benson, Minneapolis, Minn., for Minnesota Bearing Co.
Stuart T. Williams, David Bradley Olsen, Henson & Efron, Minneapolis, Minn., for Sterling Elec.
Thomas J. Williams, Miller & Williams, Minneapolis, Minn., for Sample Service.
Greer Edwin Lockhart, Michael A. Klutho, Bassford Heckt Lockhart Truesdell & Briggs, Minneapolis, Minn., for Abbott Hosp.
Byron E. Starns, Jr., Carolyn Veehoff Wolski, Leonard Street & Deinard, Minneapolis, Minn., for American Linen Supply Co.
William A. Blonigan, Korba & Blonigan, Minneapolis, Minn., for Carl W. Olson, Jr.
Andrea M. Fike, Faegre & Benson, Minneapolis, Minn., for Metal-Matic, Inc.
Larry D. Espel, Popham Haik Schnobrich & Kaufman, Minneapolis, Minn., for Moorhead Machinery & Boiler Co.
Robin L. Phillips, and John B. Van de North, Jr., Briggs and Morgan, St. Paul, Minn., for Pillsbury Co.[1]

MEMORANDUM OPINION AND ORDER
DIANA E. MURPHY, District Judge.
Plaintiff brought this action against a large number of defendants alleging liability under the Comprehensive Environmental Response Compensation and Liability Act, (CERCLA), 42 U.S.C. §§ 9601-75, and the Minnesota Environmental Response and Liability Act (MERLA), Minn.Stat. §§ 115B.01-.37. Many defendants impleaded third-party defendants. Jurisdiction is alleged pursuant to 28 U.S.C. § 1331 and pendent jurisdiction. Now before the court is the motion of third-party defendant Moorhead Machinery & Boiler Company to dismiss or for summary judgment.
Plaintiff has been the operator of the East Bethel Landfill (the landfill) located in Anoka County, Minnesota since 1971. As the result of pollution at the landfill, plaintiff apparently entered into a consent order with the Minnesota Pollution Control Agency (MPCA) for the purpose of implementing a clean-up operation. It subsequently filed this action alleging liability for past and future cleanup costs. Its complaint alleges that between 1970 and 1977 defendants disposed of or arranged for the disposal of hazardous substances at the landfill.
Metal-Matic is one of twenty-five companies and one division of the Minnesota state government named as defendants in the main action. Its third-party complaint seeks contribution and indemnification from Moorhead Machinery & Boiler Company because Metal-Matic claims it arranged for the disposal of hazardous substances at the landfill.
Third-party defendant Moorhead Machinery & Boiler Company is one of a series of related entities. Moorwest, Inc., a wholly-owned subsidiary of Westinghouse, purchased the assets of the original Moorhead Machinery & Boiler Company, a Minnesota corporation (Moorhead Minnesota), on May 2, 1983. On October 20, 1983, Moorwest, Inc., changed its name to Moorhead Machinery & Boiler Company (Moorhead Delaware). Moorhead Delaware, the party in this action, is a Delaware corporation owned by Westinghouse Electric Corporation. The corporate name changes were apparently necessary to allow time for the dissolution of Moorhead Minnesota.
On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 *447 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. The non-moving party may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.
The summary judgment motion of Moorhead Delaware asserts that Metal-Matic cannot establish the essential elements of a corporate successor liability claim. Metal-Matic responds that disputed fact issues exist on whether Moorhead's asset acquisition fits within any of the four exceptions to the general rule of corporate successor liability.[2]
Traditional corporate successor law[3] provides that a purchaser of corporate assets is not responsible for the liabilities of the selling corporation unless:
(1) the purchaser expressly or impliedly has agreed to assume such liability;
(2) the transaction amounts to a consolidation or merger;
(3) the purchasing corporation is merely a continuation of the selling corporation; or
(4) the transaction is entered into fraudulently to escape liability.
See Louisiana-Pacific Corp. v. Asarco, Inc., 909 F.2d 1260 (9th Cir.1990); Wallace v. Dorsey Trailers Southeast, Inc., 849 F.2d 341, 343 (8th Cir.1988) (applying Missouri law); In re Acushnet River & New Bedford Harbor, 712 F.Supp. 1010, 1015 (D.Mass.1989). This case raises the de facto merger and the mere continuation exceptions.[4]
The parties agree that a four-factor test applies to the question of whether Moorhead Delaware's asset purchase amounts to a de facto merger:
1. whether there is a continuation of the enterprise of the seller corporation so that there is a continuity of management, personnel, physical location, assets, and general business operation;
2. whether there is a continuity of shareholders which results from the purchasing corporation paying for the acquiring asset with shares of its own stock, this stock ultimately coming to be held by the shareholders of the corporation so that they become a constituent part of the purchasing corporation;
3. whether the seller corporation ceased its ordinary business operation, liquidated and dissolved as soon as legally and practically possible;

*448 4. whether the purchasing corporation assumed the obligation of the seller ordinarily necessary for the continuation of normal business operations of the seller corporation.
See, e.g., Keller v. Clark Equip. Co., 715 F.2d 1280, 1291 (8th Cir.1983), cert. denied, 464 U.S. 1044, 104 S.Ct. 713, 79 L.Ed.2d 176 (1984) (determining that North Dakota would follow majority view of the de facto merger exception); In re Acushnet, 712 F.Supp. at 1015 (citing cases).
Moorhead Delaware argues that the de facto merger exception cannot apply because it paid cash for the assets of Moorhead Minnesota. It maintains that there is no continuity of shareholders without some transfer of the purchasing corporation's stock for the selling corporation's assets.
Metal-Matic responds that continuity of shareholders is not necessary because there is no requirement that any single factor be present to make out a de facto merger. It argues that a de facto merger was created by continuity between several corporate officers and at least one director; the continuity of physical location, assets, and general business operations; the purchase by Moorhead Delaware of all the assets necessary for the day to day business operations; the continued use of the same phone number and address; and the dissolution of the seller corporation within one year of the sale.
Metal-Matic's argument that continuity of shareholders is not necessary to establish a de facto merger is not convincing. Courts have consistently required continuity of shareholders to support the application of this exception.[5]E.g., Louisiana-Pacific, 909 F.2d at 1264 & n. 5; Arnold Graphics Indus. v. Independent Agent Center, Inc., 775 F.2d 38, 42 (2nd Cir.1985); Keller, 715 F.2d at 1291. Metal-Matic has not demonstrated any continuity of shareholders between Moorhead Minnesota and Moorhead Delaware which would support application of the de facto merger exception.
Metal-Matic also argues that Moorhead should be held liable under the mere continuity exception. It invites the court to adopt a more expansive version of the mere continuation exception known as the continuing business enterprise exception.[6] It relies on United States v. Distler, 741 F.Supp. 637 (W.D.Ky.1990).
Moorhead Delaware responds that the Distler application of the continuing business enterprise exception is the minority rule. It argues that the court should apply the majority rule which requires continuity of shareholders as an element of the mere continuation exception. It relies on Tucker v. Paxson Mach. Co., 645 F.2d 620, 625-26 (8th Cir.1981) (applying Missouri law), and Niccum v. Hydra Tool Corp., 438 N.W.2d 96, 99 (Minn.1989).
The continuing business enterprise version of the mere continuation exception focuses on the continuity of a business operation rather than making the continuity of stock, shareholders, and directors determinative. Compare Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 175 (5th Cir.1985), and Distler, 741 F.Supp. at 642, and Turner v. Bituminous Casualty Co., 397 Mich. 406, 244 N.W.2d 873 (1976), with Weaver v. Nash Int'l., Inc., 730 F.2d 547, 548 (8th Cir.1984) (applying Iowa law), and Tucker, 645 F.2d at 25-26, and Niccum, 438 N.W.2d at 99.[7]
*449 This version of the mere continuation exception appears to remain the minority position. See Distler, 741 F.Supp. at 641 (majority of jurisdictions apply the traditional four exceptions rather than the more modern versions accepted by a minority of states); Niccum, 438 N.W.2d at 99 & n. 1 (citing cases from eight states refusing to expand mere continuation exception established by Turner). Nonetheless, it has been applied in situations where rigid application of the majority rule would produce an inequitable outcome or frustrate a statutory purpose. See, e.g., Oner II, Inc. v. E.P.A., 597 F.2d 184, 186-87 (9th Cir.1979) (successor corporation liable for EPA fine when one person was president of both corporations and had actual notice of liability); Turner v. Bituminous Casualty Co., 397 Mich. 406, 244 N.W.2d 873 (1976) (applying expanded version to protect plaintiff injured by product manufactured prior to sale); Distler, 741 F.Supp. at 642 (application of traditional rule may conflict with remedial policies of CERCLA).
Metal-Matic has not demonstrated a sufficient continuity of stock, shareholders or directors between Moorhead Minnesota and Moorhead Delaware to impose liability on Moorhead Delaware under the traditional mere continuation exception. See Wallace, 849 F.2d at 843; Weaver, 730 F.2d at 548; Tucker, 645 F.2d at 625-26; Niccum, 438 N.W.2d at 99.
At this time, the court declines the invitation to adopt the continuing business enterprise version of the mere continuance exception. Metal-Matic has not shown that application of the traditional mere continuation exception would frustrate CERCLA's remedial purpose in this case, nor has it established that dismissal of Moorhead Delaware will force the taxpayers to bear the burden of cleaning up the landfill. Since CERCLA allows recovery against both dissolved corporations and corporate officers and employees who are responsible for the corporate decisions regarding hazardous waste, see United States v. Northeastern Pharmaceutical & Chem. Co., 810 F.2d 726, 743-747 (8th Cir.1986), Metal-Matic could seek recovery against those parties. The motion of Moorhead Delaware for summary judgment should therefore be granted.[8]

ORDER
Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motion of Moorhead Machinery & Boiler Company for summary judgment is granted and the claims against it are dismissed.
NOTES
[1] Counsel for the Pillsbury Company also represents other defendants in this action. For the purposes of this Memorandum Opinion and Order, the arguments against the motion of Moorhead Machinery & Boiler Company are attributed to Metal-Matic, Inc.
[2] Metal-Matic also argues that the motion for summary judgment is premature because the discovery cutoff is not until December 31, 1990. This argument is not persuasive. Metal-Matic did not specifically request a continuance of the motion pursuant to Fed.R.Civ.P. 56(f), nor did it affirmatively demonstrate why it could not respond to the motion or how a postponement would enable it to do so. Wallace v. Dorsey Trailers Southeast, Inc., 849 F.2d 341, 344 (8th Cir.1988); United States ex rel. Small Business Admin. v. Light, 766 F.2d 394, 397-98 (8th Cir. 1985).
[3] The federal courts that have addressed the choice between federal and state law on the question of corporate successor liability under CERCLA support the formulation and application of a federal common law. See, e.g., Louisiana-Pacific, 909 F.2d at 1263; Smith Land & Improvement Co. v. Celotex Corp., 851 F.2d 86, 91-92 (3rd Cir.1988), cert. denied, 488 U.S. 1029, 109 S.Ct. 837, 102 L.Ed.2d 969 (1989); United States v. Bliss, 667 F.Supp. 1298, 1308 n. 8 (E.D.Mo.1987). Fashioning such a federal common law of corporate successor liability should promote uniformity to avoid inconsistent results under CERCLA. Smith Land, 851 F.2d at 92; Bliss, 667 F.Supp. at 1308 n. 8. At this point, the court should look to the general doctrine of successor liability existing in the majority of states or other federal courts. Louisiana-Pacific, 909 F.2d at 1263; Smith Land, 851 F.2d at 92.
[4] In its responsive materials, Metal-Matic did not assert that Moorhead Delaware had expressly or impliedly agreed to assume the liabilities of Moorhead Minnesota, nor did it argue that the asset transfer was entered into fraudulently to escape liability. Although Metal-Matic subsequently raised these issues at oral argument, it did not point to any specific facts that would support application of either of these two exceptions to the general corporate successor liability rule. See White v. McDonnell Douglas Corp., 904 F.2d 456 (8th Cir.1990) (to avoid summary judgment non-moving party must point to specific facts that show genuine issue for trial).
[5] The primary case Metal-Matic relies upon for the proposition that continuity of shareholders is not a necessary element explicitly recognizes that continuity of shareholders is a key factor. In re Acushnet, 712 F.Supp. at 1016 (holding that transfers of stock of parent company of purchasing company satisfies continuity of shareholders requirement).
[6] This version has also been labeled as substantial continuity, continuity of enterprise, and continuity of business operations.
[7] A number of factors are considered using this version including whether the successor:

(1) retains the same employees, supervisory personnel and the same production facilities in the same location;
(2) continues production of the same products;
(3) retains the same business name;
(4) maintains the same assets and general business operations; and
(5) holds itself out to the public as a continuation of the previous corporation.
See Louisiana-Pacific, 909 F.2d at 1265 & n. 7; Mozingo, 752 F.2d at 175; United States v. Distler, 741 F.Supp. at 642.
[8] It is unnecessary to discuss Moorhead Delaware's alternative motion to dismiss.