982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert Morris COCHRAN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-2877.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 6, 1993.
Filed: January 11, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Morris Cochran appeals the District Court's[1] order granting summary judgment in favor of the United States following this Court's prior remand of Count III in Cochran v. United States, No. 91-2036 (8th Cir. Nov. 15, 1991) (unpublished per curiam). We affirm.
 
 
 2
 On remand, the District Court granted summary judgment in favor of the United States because Cochran's 1987 medical records showed that there had been no deliberate indifference to Cochran's serious medical needs; Cochran was not subjected to cruel and unusual punishment when placed in soft leather restraints to prevent self-inflicted wounds; and a Bivens claim could not survive against the United States because it had not waived sovereign immunity. The Court also concluded that "[t]he medical records conclusively establish that [Cochran] was not given Thorazine and defendant is entitled to summary judgment on this issue." The Court found that Cochran failed to submit any evidence showing that Dr. Harry Darling's treatment was inappropriate. The Court held that "[a] claim for libel and slander is not cognizable under FTCA."
 
 
 3
 On appeal, Cochran argues that the District Court erred; the style of the case was improperly changed from "United States, et al." to "the United States of America"; the government filed numerous false affidavits attempting to make Cochran look like a criminal; Dr. Darling prescribed Thorazine; the District Court should have allowed additional discovery; and the District Court should have allowed the substitution of the Bureau of Prisons (BOP) as a party defendant. The United States urges this Court to affirm. After briefing, Cochran moved for the production of his medical records for 1985 and 1986.
 
 
 4
 We review de novo a District Court's grant of summary judgment. See United States ex. rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Although both appointed counsel and Cochran requested additional discovery in their responses to the summary judgment motion, they did not affirmatively demonstrate why Cochran could not respond to the motion, and how postponement of a ruling would enable him to rebut movant's showing of the absence of a genuine issue of fact, as required by Fed. R. Civ. P. 56(f). See Puckett v. Cook, 864 F.2d 619, 622 (8th Cir. 1989); see also Wallace v. Dorsey Trailers Southeast, Inc., 849 F.2d 341, 344 (8th Cir. 1988) (nonmovant's failure to request continuance in order to conduct discovery means court's entry of summary judgment prior to discovery is not premature; if party believes pertinent evidence remains undiscovered, party should make some effort to obtain it).
 
 
 5
 We conclude the District Court properly granted summary judgment on Cochran's FTCA claim that Darling negligently gave him Thorazine in 1987. The medical records produced by the United States are comprehensive and they clearly show that Thorazine was not administered to Cochran. In addition, Cochran does not contend that the United States is withholding information with regard to his medical treatment in 1987. Therefore, there is no disputed issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (summary judgment appropriate if plaintiff fails to make sufficient showing of essential element of his case).[2]
 
 
 6
 We also conclude that the District Court properly granted summary judgment on Cochran's FTCA claim for use of the soft restraints. The medical records clearly show that the MCFP doctors, not just Darling, felt it was medically necessary to restrain Cochran in soft leather straps to prevent him from aggravating sores on his body and to prevent further self-injury. Cochran failed to produce any evidence that such treatment amounted to medical malpractice.
 
 
 7
 On remand, Cochran failed to amend his complaint to name a defendant other than the United States; therefore his Bivens claims must fail. See Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982) (Bivens action cannot proceed against United States), cert. denied, 459 U.S. 1210 (1983). Cochran's remaining arguments are meritless.
 
 
 8
 In light of the reasoning set forth in this opinion, we deny as moot Cochran's pending discovery motion.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 When we stated in our previous opinion that "[t]he District Court improperly dismissed Count III ... because these claims were not time-barred under the FTCA, and Cochran exhausted administrative remedies," Cochran, No. 91-2036, slip op. at 2, we were referring to the 1987 FCTA claims for "forced medication, excessive restraint, and a beating" in Count III, not Cochran's 1985 and 1986 forced medication claims. Cochran did not administratively exhaust in a timely manner his FTCA claims for being drugged with Thorazine in 1985 and 1986. See 28 U.S.C. § 2401(b) (1988). These claims were already time-barred when he filed his administrative claim in 1989