994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
David S. TRYON, Appellant,
v.
James MCCOY; Charles Megerman, Appellees.
 No. 92-2311.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 12, 1993.
Filed: May 11, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 David S. Tryon, a former jail detainee and now a Missouri prisoner, appeals the district court's[1] order granting defendants summary judgment on his privacy claim in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Tryon alleged that shower conditions at Jackson County Missouri Detention Center amounted to cruel and unusual punishment because female guards and prisoners had an unrestricted view of showering male inmates. Tryon did not specifically allege that female guards and prisoners watched him while he showered. He sought damages and injunctive relief in the form of an order requiring the installation of shower curtains.[2] Defendants moved for summary judgment and submitted affidavits averring that any deficiencies in the showers had been corrected by attachment of opaque screens to the glass, that female inmates were not permitted near shower areas for male inmates, that any female guards who viewed inmates showering had a legitimate security reason for doing so, and that any such observation was casual and infrequent, unless the inmates were violating jail rules. When Tryon failed to respond to this showing, the district court granted defendants' motion for summary judgment.
 
 
 3
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Tryon did not allege in his complaint that female guards had viewed him while he showered, and he did not dispute defendants' statement that female inmates were not permitted near the showers. In Timm v. Gunter, 917 F.2d 1093 (8th Cir. 1990), cert. denied, 111 S. Ct. 2807 (1991), we held that the legitimate penological interest in equal employment opportunity permits the use of female guards, even if prison security interests may require casual and unobtrusive surveillance of male inmates when showering. Given defendants' uncontroverted evidence, the district court properly granted summary judgment dismissing Tryon's damage claims under Timm.
 
 
 4
 Tryon's argument that the district court erred in not granting a continuance for discovery purposes is without merit. Tryon did not ask the district court to grant a continuance, nor did he seek an opportunity to conduct discovery under Federal Rule of Civil Procedure 56(f). See Wallace v. Dorsey Trailers Southeast, Inc., 849 F.2d 341, 344 (8th Cir. 1988). Tryon also failed to make a sufficient showing that appointed counsel was necessary. We do not consider the additional issues first raised in his reply brief, see Parmenter v. Federal Deposit Ins. Corp., 925 F.2d 1088, 1093 (8th Cir. 1991), which in any event are without merit.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri
 
 
 [2]
 Tryon's request for injunctive relief is moot because he was transferred from the jail