**Jesse K. BOZELL, et al., Plaintiff,**

v.

**H & R 1871, INC., Defendant.**

**No. 1:94 CV 151 SNL.**

United States District Court,
E.D. Missouri,
Southeastern Division.

Feb. 1, 1996.

Spencer L. Edwards, Dempster and Barkett, Sikeston, MO, for plaintiff.

Andrew D. Dillon, G. Keith Phoenix, Sandberg and Phoenix, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment (# 22). The Plaintiff, through his parents, brought a negligence action in state court which has been removed to this Court. He alleges that the Defendant, or its corporate predecessor, negligently manufactured a firearm. Tragically, the loaded firearm in question was used by the three year old Plaintiff to accidently shoot himself in the head.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91

L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

On June 23, 1993, the Plaintiff sustained serious injury when a revolver discharged into his head. The Plaintiff claims that H & R 1871 negligently designed, manufactured, and sold the revolver in question. In the alternative, the Plaintiff claims that the Defendant is liable as the corporate successor to Harrington & Richardson, Inc.

In December 1984, a Massachusetts corporation named Harrington & Richardson Inc., the likely manufacturer of the handgun in question, filed a voluntary petition of bankruptcy under Chapter 11. The assets and inventory of Harrington & Richardson Inc., excluding real estate, were purchased by Vincent Shiel, Inc. The bankruptcy court approved the sale in accordance with the transfer of assets that was filed with the court. The bankruptcy court Order indicated that the sale was to be free and clear of all liens, claims, encumbrances and other interests, specifically including products liability claims (Def.Ex. F.). Following the completed sale to Vincent Shiel Inc., that corporation assigned its rights to Flambeau Corp. and then Flambeau Corp. took over some of the equipment at Harrington & Richardson, Inc.'s manufacturing plant in Gardner, Massachusetts.

Harrington & Richardson, Inc. continues to exist as a Massachusetts corporation. H & R 1871 was not incorporated in the state of Massachusetts until May 30, 1991, nearly seven years after Harrington & Richardson Inc's Chapter 11 filing and five years after the partial transfer of assets to Vincent Shiel Inc. H & R 1871 acquired the assets of Flambeau Corp. on June 11, 1991; it also applied for and acquired the lapsed trademarks that had been used by Harrington & Richardson Inc.

Although the Plaintiff challenges the motion for summary judgment, he does not challenge the material facts which the Court has summarized. The Plaintiff's challenge comes in the legal analysis.

■ The Plaintiff poses the legal question of whether the Defendant is liable as a mere continuation of the manufacturer of the revolver. In order to examine that question, the Court must look to the Missouri case law on the question of successor liability. The test for successor liability is clearly set forth:

> Where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor, except: (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) whether the purchasing corporation is merely a continuation of the selling corporation; or (4) where the transaction is entered into fraudulently in order to escape liability for such debts.

*Wallace v. Dorsey Trailers Southeast, Inc.,* 849 F.2d 341 (8th Cir.1988).

In this case, there is no evidence that the Defendant comes under any of the exceptions that are established in Missouri case law. The first exception does not apply because the Bill of Sale and bankruptcy court Order specifically excluded all claims of liability. The second exception does not apply either. Because the original corporation that entered Chapter 11 is still in existence, the Defendant corporation is not the result of a consolidation or merger between two companies. The third exception is inapplicable for the same reason. It allows for the penetration of a successor corporation if it is merely a continuation of the selling corporation. Although Harrington & Richardson and H & R 1871 operate in the same industry, the Defendant is not a continuation because they exist simultaneously and have different prod-

954

ucts, directors, and managers. The last exception, which is a fraud exception, does not apply to the facts of this case either. The bankruptcy court did not detect any purpose of fraud, nor has the Plaintiff presented anything to indicate that there has ever been any fraud perpetrated on the bankruptcy court or to indicate that any has occurred since.

Although the Plaintiff has presented an H & R 1871 catalog which makes reference to the company's grand tradition of firearms from the period of Harrington & Richardson, this puffing is not sufficient to develop the legal ties needed to support the Plaintiff's theory.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Second Motion for Summary Judgment (# 22) is **GRANTED.**