ONER II, INC., and Jerry Saylor, its
President, Petitioner,

v.

U. S. ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

No. 77–1100.

United States Court of Appeals,
Ninth Circuit.

May 15, 1979.

Before CHOY and KENNEDY, Circuit Judges, and SCHWARZER,* District Judge.

KENNEDY, Circuit Judge:

This is a petition for review of a decision by the regional administrator of the Environmental Protection Agency (EPA) fining petitioners, Oner II, Inc., Jerry Saylor, and Del Chemical Corp. for violations of the Federal Insecticide, Fungicide and Rodenticide Act (Act), 7 U.S.C. §§ 136–136w.

Del Chemical Corporation, wholly owned by one Rocco Youse, sold various pesticides properly registered under the Act. Pursuant to the Act, 7 U.S.C. § 136g, on February 13, 1975 the EPA conducted an inspection of the premises of Del. Its inspectors took samples for later analysis. On January 23, 1976 the EPA filed a complaint charging Del with various violations of the Act. The agency recommended a fine of $20,600, based on the inspection and sampling of the previous February.

In the months between the inspection and the filing of the complaint, major changes had taken place in Del. Rocco Youse was convicted of bribery and income tax evasion and in October 1975 was imprisoned. Thereafter, Del began a steady financial decline until December 31, 1975 when Saylor purchased all of Youse's interest in Del, evidently with the intention of trying to resurrect its business. Saylor, who had been Del's sales manager, became its president. Del's financial situation continued to deteriorate. On March 1, 1976 three persons formed Oner II, Inc., with apparent assistance from Saylor, to acquire Del's assets. In consideration of the acquisition of Del's assets, Oner II agreed to assume all of Del's outstanding trade liabilities, but no mention was made of an agreement to as-

Laub, Clark & Hall, Ltd., Reno, Nev., for petitioner.

Alfred H. Rosen, Regional Counsel, San Francisco, Cal., Freddi Lipstein, Appellate Section, Civil Div., Washington, D. C., for respondent.

---

* Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

sume liability for the EPA's claim for $20,-600 in fines. Saylor became president of Oner II but owned no stock in the corporation. Del was left as a corporate shell.

On August 3, 1976, the EPA, having learned of Del's transaction with Oner II, filed a motion to amend its complaint to include Oner II and Saylor as respondents in the action against Del. The motion was granted by the administrative law judge on August 11, 1976. Saylor and Oner II filed a motion to dismiss the action for lack of jurisdiction, which was denied.

Oner II and Saylor appeal, challenging: (1) the procedural aspects of the administrative hearing; (2) the EPA's decision to extend the liability of Del to the petitioners; and (3) the failure of the EPA to consider the petitioners' financial circumstances in fixing the amount of fines.

■ Petitioners contend they were denied procedural rights by the failure of the EPA to meet the notice requirements imposed by the Act. The Act requires that notice shall be given to anyone named as a defendant, and such person shall be given an opportunity to present his views. 7 U.S.C. § 136g(c). The record reveals that there was adequate service of process on Oner II. Saylor, President of Oner II, had actual notice since he was represented at the hearing and had the opportunity to defend on the merits. The lack of technical notice does not violate the requirements of procedural fairness in an administrative hearing held by a federal regulatory agency when the parties have a full and fair opportunity to defend on the merits of the case. *Slack v. Havens*, 522 F.2d 1091, 1095 (9th Cir. 1975). Oner II and Saylor were not prejudiced by the technical lack of notice required by the Act.

■ The petitioners also claim that the EPA improperly found them liable to pay the fine. The relevant provision of the Act, 7 U.S.C. § 136*l*, is express in stating those persons to whom it applies. To incur liability for fines, a respondent must be a registrant, private or commercial applicator,

wholesaler, retailer, dealer, or other distributor in the pesticide industry. 7 U.S.C. § 136*l*(a)(1) & (2). Some, if not all, of the penalties of the Act are also applicable to agents, officers, or other persons who by their acts or omissions on behalf of the employer violate its terms. 7 U.S.C. 136*l* (b)(4). Having considered these provisions, we do not think this record states an adequate basis for imposing penalties upon Saylor. The administrative law judge set forth no findings or conclusions to indicate the theory on which Saylor was held liable for the fines imposed, and from our review of the record we cannot say that as a matter of law his liability is clear. Moreover, even if an adequate basis for holding Saylor liable could be discerned from these proceedings, the administrator gave no consideration to the statutory factors that would make the amount of the fine appropriate in Saylor's individual case. *See* 7 U.S.C. § 136 *l*(a)(3). Accordingly, the order imposing a civil fine on Saylor must be set aside.

■ As to Oner II, while the administrative law judge did not reveal the precise theory for imposing liability, we think it apparent that it was held responsible for Del's violation as its corporate successor. The EPA's authority to extend liability to successor corporations stems from the purpose of the statute it administers, which is to regulate pesticides to protect the national environment. S.Rep.No.92–838, 92d Cong., 2d Sess., *reprinted in* [1972] U.S.Code Cong. & Admin.News, pp. 3993, 3995. The agency may pursue the objectives of the Act by imposing successor liability where it will facilitate enforcement of the Act. *See Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179–80, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973); *Slack v. Havens*, 522 F.2d 1091 (9th Cir. 1975).

■ Oner II had notice of the outstanding debt to the EPA since Saylor served as president of both Del and Oner II. Oner II was formed to continue distributing pesticides,[1] and in Saylor's case maintained the

---

1. "This transaction is being made for the purpose of transferring the operating assets and

liabilities to a bona fide purchaser, which purchaser will supply additional funding to the

same personnel in a responsible position. Oner II was engaged in the business of distributing pesticides and was thus subject to sanctions by the agency, and we think the sanctions were properly imposed upon it by reason of its having succeeded to operations found to have been conducted in violation of the Act.

In view of the enunciated purposes of the Act, the potential injury to the public for violations of the Act and the circumstances surrounding the transfer of assets, the imposition of liability on Oner II was justified. A contrary holding might unnecessarily hamper enforcement of the Act's mandates.

■ Del, Oner II, and Saylor were held jointly and severally liable for the $20,600 fine. The Act requires that the EPA consider in determining the amount of fine: (1) the gravity of the violation; (2) the propriety of the penalty in view of the size of the business charged; and (3) the effect of the fine on the entity's ability to continue business. 7 U.S.C. § 136*l*(a)(3). The record does not contain any evidence that, with respect to either Saylor or Oner II, the administrative law judge or the regional administrator considered these factors in assessing the fine. Nevertheless, Oner II has no grounds to complain. Oner II's liability is derivative as the successor to Del and the fine based on Del's financial condition is equally valid against its successor.

The order as to Saylor is set aside. With regard to Oner II, it is AFFIRMED.

business enterprise to provide sufficient working capital to *enable the enterprise to carry on its operations* . . . ." Bulk Transfer Notice, Oner II, Inc. (Feb. 20, 1976) (emphasis supplied).