UNITED STATES of America and The State of Washington, Plaintiffs,

v.

The WESTERN PROCESSING COMPANY, INC., et al.; The Boeing Company, et al., Defendants.

The BOEING COMPANY, Third–Party Plaintiff,

v.

A & A ANDERSON TANK SERVICE, LTD., et al., Third–Party and Cross–Claim Defendants.

AMERICAN TAR COMPANY, et al., Third–Party Plaintiffs,

v.

A & A Anderson Tank Service, Ltd., et al., Third–Party and Cross–Claim Defendants.

Jack and Leah PINCHEV, Third–Party Defendants and Third–Party Plaintiffs,

v.

UNITED STATES of America, and State of Washington, Third–Party Defendants.

Nos. C89–214M, C83–252M and C89–224M.

United States District Court, W.D. Washington, at Seattle.

Oct. 30, 1990.

William A. Gould, Perkins & Coie, Seattle, Wash., for plaintiff Boeing Co.

Marcus B. Nash, Stafford, Frey, Cooper & Stewart, Seattle, Wash., for defendant NW Steel Rolling Mills Liquidating Trust.

Frederick O. Frederickson, Michael J. Swofford, Graham & Dunn, Seattle, Wash., for defendant and third-party defendant Security Pacific Bank Corporation Northwest.

Ronald A. Franz, Carney, Stephenson, Badley, Smith & Spellman, Seattle, Wash., for defendant Liquid Waste Disposal Co.

Garmt J. Nieuwenhuis, Issaquah, Wash., pro se.

J. Tanya Barnett, Laurie Sillers–Halvorson, Jon Peter Ferguson, Atty. Gen. Office, Tort Claims Div., Seattle, Wash., J. Tanya Barnett, Laurie Sillers–Halvorson, Atty. Gen. Office, Ecology Div., Olympia, Wash., for cross-claimant Washington State.

Susan L. Barnes, U.S. Atty. Office, Seattle, Wash., David W. Zugschwerdt, U.S. Dept. of Justice, Environment and Natural Resources Div., Washington, D.C., for plaintiff and cross-claimant U.S.

Peter H. Haller, Ater, Wynne, Hewitt, Dodson & Skerritt, Seattle, Wash., for third-party plaintiffs Atlantic Richfield Co., Bethlehem Steel Corp., Chevron U.S.A., Inc., Flecto Coatings Ltd., John Fluke Mfg. Co., Heath Techna Aerospace Co., Morton Thiokol Inc., Pacific Propellor Inc., Safety Kleen Inc., Seattle Times Inc., Pittsburgh & Midway Coal Mining Co. and Western Pneumatic Tube Co.

Jeffrey B. Wihtol, Lindsay, Hart, Neil & Weigler, Portland, Or., Peter H. Haller, Ater, Wynne, Hewitt, Dodson & Skerritt, Seattle, Wash., for third-party plaintiff American Tar Co.

Larry Bruce Alexander, Seattle, Wash., for third-party defendant Widing Transp. Inc.

John R. Allison, Betts, Patterson & Mines, Seattle, Wash., for third-party defendant Crosby & Overton Inc.

Lisa M. Stone, Stoel, Rives, Boley, Jones & Grey, Seattle, Wash., Kevin Q. Davis, Stephen S. Walters, Stoel, Rives, Boley, Jones & Grey, and Richard D. Bach, Portland, Or., for third-party defendants Precision Castparts Corp., Intern. Controls Corp. and Radiation Intern.

Marc A. Bateman, Seattle, Wash., for third-party defendants Ace Galvanizing Co. and Pontius Trucking.

Richard John Watkins, Seattle, Wash., for third-party defendant Ryan & Haworth Co.

James Morton Beecher, Hackett, Beecher & Hart, Seattle, Wash., for third-party defendant RSR Corp.

Robert Farnum Bakemeier, Jeffrey Wayne Leppo, Jeanette DiScala McGraw, Bogle & Gates, Seattle, Wash., for third-party defendants Lockheed Shipbuilding & Const. Co., Davis Walker Co. and McMillan Bloedel.

Clark J. Davis, Davies Pearson P.C., Tacoma, Wash., for third-party defendant Bayside Waste Hauling & Transp. Co.

Robert Jerome Grenier, Seattle, Wash., for third-party defendant Amalgamated Services Inc.

Victoria Jensen Bjorkman, Lawrence E. Hard, LeSourd & Patten, P.S., Seattle, Wash., for third-party defendants Union Oil Co. of Cal., GATX Tank Storage Terminal Corp., Northwest Tank Service, and Canadian Forest.

Jerry H. Kindinger, Sharon J. Bitcon, Ryan, Swanson & Cleveland, Seattle, Wash., for third-party defendants Lee & Eastes Tank Lines, Inc., Inland Transp. Co., Inc., Pay 'N Save Corp., and South Center Oil Inc.

John P. Lycette, Jr., Seattle, Wash., for third-party defendant Nat. Transfer Inc.

James Morton Beecher, Hackett, Beecher & Hart, Richard Lee Sessions, Seattle, Wash., for third-party defendant Scott Galvanizing Co., Inc.

Benjamin Gould Porter, George, Hull & Porter, Seattle, Wash., for third-party defendants Color Tech Inc. and Asko Processing Inc.

Joel Sherwood Summer, Univar Corp., Legal Dept., Seattle, Wash., for third-party defendants Univar Corp. and Pacific Resins & Chemicals Inc.

Scott A. Smith, Short, Cressman & Burgess, Seattle, Wash., for third-party defendant Tree Island Steel Co. Ltd.

Terence K. McGee, Thomas Anderson Sherwood, McGee & Reno, Seattle, Wash., for third-party defendant Continental Can Co.

Robert J. Downey, Law Offices of John Lockie, Seattle, Wash., for third-party defendant Norfin Inc.

Norfin Inc., Donald L. Sneelman, c/o Herb Lakefish NF Corp., Seattle, Wash., pro se.

C. Stan Webert, Seattle, Wash., for third-party defendant Coastal Tank Cleaning Services Inc.

William D. Maer, Heller, Ehrman, White & McAuliffe, Seattle, Wash., for third-party defendants Anchor Post Products, Canron Inc. and Westak–North.

Shane Cornelius Carew, Ronald A. Franz, Carney, Stephenson, Badley, Smith & Spellman, Seattle, Wash., for third-party defendants Quigg Bros–McDonald Inc., Jack Pinchev and Leah Pinchev.

Preston Niemi, Seattle, Wash., for third-party defendant A J Zinda Co.

Jeffrey Lynn Carey, Seattle, Wash., for third-party defendants Pozzi Bros. and Lumber Trucking Service.

James T. Johnson, Seattle, Wash., for third-party defendants Tacoma Hauling Inc., Tacoma Hauling/Gunter Bros. and Tacoma Hauling/Jack Creager Trucking.

Gary Michael Abolofia, Bellevue, Wash., for third-party defendant Culligan Water Service.

David Utevsky, Cynthia R. First, Foster Pepper & Shefelman, Seattle, Wash., for intervenor Hearst Corp.

## ORDER DENYING MOTION OF BAYSIDE WASTE HAULING & TRANSFER, INC. FOR PARTIAL SUMMARY JUDGMENT

McGOVERN, District Judge.

The Ninth Circuit having recently clarified its position on successor liability under CERCLA in *Louisiana–Pacific v. ASARCO*, 909 F.2d 1260 (9th Cir.1990), Bayside Waste Hauling & Transfer, Inc. ("Bayside") again moves for partial summary judgment on the issue of successor liability. This court denied the earlier motion on June 18, 1990 stating there was a genuine issue of material fact.

When the court made its June ruling, discovery was incomplete (Boeing could not conduct substantive depositions of Bayside until December 15, 1989), and this is still true. Nevertheless, the supporting materials submitted by Boeing then and now in resisting summary judgment (see list in summary pp. 12–14, Boeing's Opposition) tend to indicate a substantial continuation of the previous business sufficient to impose successor liability upon Bayside in the CERCLA contribution action. For example, attachments to the Schneider affidavit tend to show that (1) Bayside perceived LIDCO's business as strengthening its own by adding liquid hazardous waste hauling capability, (2) Bayside had help, at least in transition, from Pinchev, (3) Bayside kept the LIDCO location, (4) Bayside used LIDCO's logo with Bayside's, and (5) there was overlapping employment for a period. Boeing lists additional factors germane to the issue of successor liability on pages 12–14 of its brief. While Bayside finds these points irrelevant and urges the Court to adopt the traditional tests and reject the additional tests of "substantial continuity" or "continuing business enterprise" and "product line" tests, the Court concludes these tests are viable in the CERCLA context and declines to reject them.

The Ninth Circuit in *Louisiana–Pacific*, 909 F.2d 1260, concluded that under CERC-

LA Congress did intend successor liability; that the issue is governed by federal law; that the court must look to other circuits and states in fashioning the law, and must consider national uniformity in so doing. The Ninth Circuit concluded that the traditional rules of successor liability in operation in most states should govern rather than the "excessively narrow" (*id.*, at 1263) statutes of a few states.

Under traditional rules of successor liability, asset purchasers are not liable as successors unless one of the following four exceptions applies:

(1) The purchasing corporation expressly or impliedly agrees to assume the liability;

(2) The transaction amounts to a "de-facto" consolidation or merger;

(3) The purchasing corporation is merely a continuation of the selling corporation; or

(4) The transaction was fraudulently entered into in order to escape liability.

*Louisiana–Pacific,* 909 F.2d at 1263. Concerning the "product-line exception," the Court did not decide whether to adopt it under CERCLA as it was not argued. *Id.* at 1264 n. 3. As to the other exception, the Court concluded:

Because we find this case distinguishable from Oner II, we need not decide whether to adopt the continuing business enterprise exception under CERCLA.

*Id.,* at 1266. The Ninth Circuit did not reject these exceptions in *Louisiana–Pacific* as Bayside suggests, but merely declined to decide those issues in that case. Factors to be considered in applying the "continuing business enterprise exception" are as follows:

(1) continuity of employees, supervisory personnel and physical location;

(2) production of the same product;

(3) retention of the same name;

(4) continuity of general business operations;

(5) purchaser holding itself out as a continuation of the seller. (citation omitted).

*Id.* 909 F.2d at 1265 n. 7.

Considering the issue of successor liability in the light most favorable to the non-moving party, on the present record the Court cannot conclude that Bayside's purchase of LIDCO's assets does not render it liable as a successor. The "continuing business enterprise exception" factors render Boeing's allegations reflective of continuity material to the issue of Bayside's successor liability. Bayside merely characterizes Boeing's allegations as "common elements or similarities" (Bayside Reply at 6) that, even if true, are irrelevant to the issue. As this court has not rejected the "product line" or "continuing business enterprise" exceptions, Boeing's supported allegations are relevant, and Bayside has not come forward with evidence that the statements of fact submitted by Boeing are untrue. Bayside has argued different inferences from Jack Pinchev's two signatures on the purchase agreement and from the "consulting services" provided by Pinchev to Bayside after the sale. Bayside has not demonstrated that it is entitled to summary judgment as a matter of law.

There is support for an expansive interpretation of successor liability in CERCLA actions in *Oner II, Inc. v. EPA,* 597 F.2d 184 (9th Cir.1979). The action there was brought under the Federal Insecticide, Fungicide and Rodenticide Act, which had no specific successor liability provision. The Court noted that the Act was intended to protect the environment. *Id.* at 186. The same is true of CERCLA. *Oner II* cited to *Golden State Bottling Co. v. NLRB,* 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973). Therein, the Court noted that

Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved.

414 U.S. at 179–80, 94 S.Ct. at 423. There is a public interest element herein. CERCLA contemplates a sharing of clean-up costs by responsible parties. A more expansive view of successor liability under CERCLA fosters a more equitable sharing of remediation costs. Moreover, it is highly likely that Bayside had knowledge of

possible liabilities associated with hazardous waste disposal. Bayside does not deny that the Resource Conservation & Recovery Act, 42 U.S.C. §§ 6901, *et seq.* had been in effect over five years when Bayside purchased LIDCO and that CERCLA had been in effect for over a year.

Bayside having failed to rebut evidence submitted by Boeing on the issue of Bayside's successor liability, Bayside has failed to demonstrate that it is entitled to summary judgment as a matter of law, and its motion is DENIED.